IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL NO. 1:19-CV-564 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JOSEPH FORREST, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**I.      Factual Background**

This case, which comes before us for consideration of a *pro se* motion to set aside a default judgment, (Doc. 60), raises questions of whether Mr. Forrest was abandoned by his counsel, and whether this alleged abandonment provides equitable grounds for setting aside this default judgment. Because we believe that the issue of attorney abandonment requires further factual development, as discussed below, we will GRANT this motion in part in that we will schedule an evidentiary hearing where the parties can fully develop this issue.

The pertinent facts in this case can be simply stated: On April 1, 2019, the United States commenced this lawsuit against Mr. Forrest, seeking to recover the value of crops allegedly sold by Forrest which had been the subject of a Department

1

of Agriculture lien. According to the complaint, Forrest disposed of these crops without compensating the government for the value of this collateral which secured its loans. (Doc. 1).

Forrest was served with this complaint and was initially represented by counsel in this case. Following protracted proceedings marked by a series of alleged defaults by Forrest, on March 17, 2021, the United States moved for entry of a default judgment. (Doc. 41). A hearing was held on this motion on December 9, 2021. At the time of this hearing, Forrest's counsel allegedly informed the court that his client was aware of the scheduled hearing and offered no opposition to the default motion. (Doc. 45). On February 16, 2022, default judgment was entered in favor of the government in the amount of $35,126.65, plus post-judgment interest. (Doc. 52).

The government then engaged in efforts, through defense counsel, to execute upon this judgment. As detailed in the government's pleadings, these efforts continued through December of 2022. (Doc. 66, at 6-7). What then ensued is described by the government in the following terms:

> Sometime between December 21, 2022 and January 26, 2023, the plaintiff learned that Attorney Turner had been suspended from the practice of law by the Pennsylvania Bar Association since April 14, 2022.
>
> On or about January 26, 2023, the plaintiff received a letter from the defendant dated January 23, 2023. See Ex. G. On January 26, 2023, the

> undersigned AUSA spoke with the defendant regarding his letter. The defendant stated he thought his attorney was still litigating the case. The undersigned reminded the defendant that a default judgment had been entered against him in February of 2022, and that the government intended to collect on the judgment.
>
> On January 30, 2023, the plaintiff emailed another financial affidavit to the defendant for him to complete. See Ex. H. Having received no response, on February 16, 2023, the plaintiff mailed by certified mail another financial affidavit for the defendant to complete. See Ex. I. On March 7, 2023, the defendant, acting pro se, filed a Motion to Strike Default Judgment (Doc. 60), Brief in Support (Doc. 61) and Exhibits (Doc. 62).

(Id. at 7-8).

For his part, Forrest's *pro se* motion seems to confirm that Forrest was relying upon his disbarred counsel to address this matter, since Forrest has appended to his pleadings copies of mails he allegedly sent to counsel inquiring into the status of this case. (Docs. 62, 67). Thus, liberally construed, Forrest's motion to reopen seems to suggest that this default judgment should be set aside on equitable grounds due to abandonment of the defendant by his disbarred counsel. However, the factual record regarding communications between Forrest and his counsel—matters which would be pivotal to any attorney abandonment claim—remain shrouded in uncertainty. On these facts, we will GRANT this motion, in part, and will schedule an evidentiary hearing where the parties can fully develop this issue.

3

## II.   Discussion

We construe Forrest's pleading as a *pro se* motion to re-open this default judgment. Rule 60 of the Federal Rules of Civil Procedure applies to motions to re-open prior federal court judgments and provides, in part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
> **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed.R.Civ.P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between

4

the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D.Pa. 1983). In exercising this discretion, however, "the court must balance the ends of justice on the one hand, ..., and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F.Supp. 1355, 1356 (S.D.N.Y.1995).

Similar equitable considerations apply to motions to set aside default judgments. In ruling upon requests to re-open default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir.

1984).

However, because one of the cardinal considerations in assessing a Rule 60 motion is the public interest in the finality of judgments, Rule 60 motions must be made in a timely fashion. As the Rule itself states: "A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P., Rule 60(c).

Here, it is unclear what the legal basis of Forrest's Rule 60(b) motion may be although, liberally construed, it seems that Forrest seeks to re-open this case under the catch-all provision of Rule 60(b), which permits relief on "any other reason that justifies relief." Unlike other Rule 60(b) motions, motions brought pursuant to Rule 60(b)(6) are not subject to a strict 1–year limitations period. However, "[a] motion under the 'catchall' provision contained in Rule 60(b)(6) also must be made 'within a reasonable time.' Relief under Rule 60(b)(6) requires a showing of 'extraordinary circumstances justifying the reopening of a final judgment'" Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir.2006) (citations omitted). Further:

> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir.1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and

6

potential prejudice to other parties. <u>Kagan v. Caterpillar Tractor Co.</u>, 795 F.2d 601, 610 (7th Cir.1986); <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir.1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. <u>Coltec Indus. Inc. v. Hobgood</u>, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

<u>In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.</u>, 383 F. App'x 242, 246 (3d Cir. 2010).

One aspect of this showing of "exceptional circumstances justifying the delay for filing under Rule 60(b)(6)," is that a movant under Rule 60(b)(6) must show that he "has exercised due diligence to ascertain whether the judgment has been entered or has given sufficient reason for the lack of such diligence." <u>Spika v. Vill. of Lombard, Ill.</u>, 763 F.2d 282, 285 (7th Cir. 1985).

In the instant case, the government opposes Forrest's motion to reopen this case, arguing that the motion is both untimely and meritless. However, upon the incomplete and troubling record before us, where it appears that Forrest was represented for a period of time by an individual who had been suspended from the practice of law for some unidentified misconduct, we cannot reach any definitive conclusions regarding the timeliness or merits of this motion. Recognizing that doubtful cases should be decided in favor of full

merits consideration, we deem it proper to schedule a hearing in this case so the factual underpinnings of any attorney abandonment claim can be fully developed.

An appropriate order follow.

## III. <u>Order</u>

Accordingly, for the foregoing reasons, IT IS ORDERED that the Defendant's *pro se* motion to re-open, (Doc. 60), is GRANTED, in part as follows:

1. A hearing will be conducted on this motion on **<u>March 27, 2024, at 1:00 p.m</u>**. in Courtroom 5 of the United States Courthouse, Harrisburg, Pennsylvania for the purpose of developing a factual record relating to the Defendant's claim of attorney abandonment.

2. **All parties and counsel must attend this hearing in person and be prepared to present evidence and argument on this question.**

3. If the Defendant intends to retain counsel for this hearing he should do so and have counsel enter an appearance on behalf of the defendant no later than **March 13, 2024**. Otherwise, we will expect the Defendant to proceed on his own behalf.

4. It is strongly recommended that the parties make every effort to present Forrest's former counsel at this hearing.

5. The clerk is ORDERED to serve a copy of this order upon the Defendant, who is proceeding *pro se*. If the Defendant fails to appear the Court may find that he has withdrawn this motion to re-open.

So ordered this 14th day of February 2024.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge