IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CIVIL NO. 1:19-CV-564 |
| Plaintiff, : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| JOSEPH FORREST, : | |
| Defendant. : | |

**MEMORANDUM AND ORDER**

**I.   Factual Background**

This case comes before us for further consideration of a *pro se* motion to set aside a default judgment. (Doc. 60). The pertinent facts in this case can be simply stated: On April 1, 2019, the United States commenced this lawsuit against Mr. Forrest, an elderly farmer,[1] seeking to recover the value of crops allegedly sold by Forrest which had been the subject of a Department of Agriculture lien. According to the complaint, Forrest disposed of these crops without compensating the government for the value of this collateral which secured its loans. (Doc. 1).

Forrest was served with this complaint and was initially represented by counsel in this case. Following protracted proceedings marked by a series of alleged

---

[1] It appears that Forrest is currently approximately 88 years old.

discovery defaults by Forrest, on March 17, 2021, the United States moved for entry of a default judgment. (Doc. 41). A hearing was held on this motion on December 9, 2021. At the time of this hearing, Forrest's counsel allegedly informed the court that his client was aware of the scheduled hearing and offered no opposition to the default motion. (Doc. 45). Accordingly, on February 16, 2022, default judgment was entered in favor of the government in the amount of $35,126.65, plus post-judgment interest. (Doc. 52).

Ordinarily, counsel's concession of his client's default would provide ample justification for the entry of default judgment. However, this is not an ordinary case. Following the entry of this default, the government then engaged in efforts through Forrest's counsel until December of 2022 to execute upon this judgment. What then ensued is described by the government in the following terms:

> Sometime between December 21, 2022 and January 26, 2023, the plaintiff learned that Attorney Turner had been suspended from the practice of law by the Pennsylvania Bar Association since April 14, 2022.
>
> On or about January 26, 2023, the plaintiff received a letter from the defendant dated January 23, 2023. See Ex. G. On January 26, 2023, the undersigned AUSA spoke with the defendant regarding his letter. The defendant stated he thought his attorney was still litigating the case. The undersigned reminded the defendant that a default judgment had been entered against him in February of 2022, and that the government intended to collect on the judgment.

2

> On January 30, 2023, the plaintiff emailed another financial affidavit to the defendant for him to complete. See Ex. H. Having received no response, on February 16, 2023, the plaintiff mailed by certified mail another financial affidavit for the defendant to complete. See Ex. I. On March 7, 2023, the defendant, acting pro se, filed a Motion to Strike Default Judgment (Doc. 60), Brief in Support (Doc. 61) and Exhibits (Doc. 62).

(Id. at 7-8).

The fact that Forrest's former counsel purported to represent him in connection with this matter at a time when he had been suspended from the practice of law is a decidedly unusual, extraordinary, and potentially troubling event. Moreover, the nature of counsel's disciplinary suspension heightened our concerns, since Pennsylvania Bar disciplinary records revealed that counsel had been suspended from the practice of law following a finding that he had neglected client cases and failed to inform clients of material developments in their cases. These allegations, which paralleled the claims made by Forrest in his motion to reopen this default judgment, were particularly troubling since the state bar disciplinary proceedings noted that counsel had previously been informally admonished for similar misconduct but to no avail.[2]

Moreover, Forrest's *pro se* motion to reopen this default judgment suggested that Forrest had also experienced some degree of attorney abandonment, since

---

[2] See Office of Disciplinary Counsel v. Turner, No 144 DB 2021.

3

Forrest appended to his pleadings copies of emails he allegedly sent to counsel inquiring into the status of this case at a time when counsel was consenting to the entry of this default judgment. (Docs. 62, 67). Thus, liberally construed, Forrest's motion to reopen argued that this default judgment should be set aside on equitable grounds due to an extraordinary circumstance: the abandonment of the defendant by his disbarred counsel.

On these facts, we granted this motion, in part, and scheduled an evidentiary hearing where the parties could fully develop this issue through the testimony of Forrest's former, suspended counsel. (Doc. 72). When the government was unable to timely secure the appearance of Forrest's former counsel as a witness, (Doc. 74), we ultimately cancelled this hearing. (Doc. 81). We followed this course recognizing the limited value of a hearing without Forrest's former counsel[3] and in consideration of Forrest's reported advanced age—88—and travel impediments. Instead, we resolved to address this motion to reopen on the record before us.

---

[3] We note that the government later reported that Forrest's former counsel later spoke to the government counsel and claimed that he had kept Forrest apprised of developments in this case. (Doc. 82). While we credit that the government is accurately reporting what former counsel stated, given former counsel's disciplinary record, we afford little weight to this unsworn hearsay statement.

Having considered the extraordinary background of this case, and mindful of the fact that the law strongly favors merits resolutions, as discussed below we will conditionally GRANT this motion to reopen the default judgment in this case.

## II. Discussion

We have construed Forrest's pleading as a *pro se* motion to reopen this default judgment. Rule 60 of the Federal Rules of Civil Procedure applies to motions to re-open prior federal court judgments and provides, in part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed.R.Civ.P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to reopen cases under Rule 60 rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D.Pa. 1983). In exercising this discretion, however, "the court must balance the ends of justice on the one hand, . . . and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F.Supp. 1355, 1356 (S.D.N.Y.1995). In exercising his discretion, however, we recognize that:

> Neglect by counsel is ordinarily not a basis for reopening a case under either Rule 60(b)(1) or 60(b)(6). See, e.g., Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 356-57 (5th Cir. 1993); Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146-47 (10th Cir. 1990); Lomas and Nettleton Co. v. Wiseley, 884 F.2d 965, 968-69 (7th Cir. 1989); United States v. Real Property Known As 429 South Main St., 906 F.Supp. 1155, 1160-61 (S.D. Ohio 1995) (collecting cases). *Occasionally, where the neglect is gross, constituting an almost complete abandonment of the client, and the client is blameless, the attorney's conduct will be sufficient to allow reopening under Rule 60(b)*. See Real Property (discussing cases).

Brenner v. The Daily Times, No. CV 97-802 BB/LFG, 1999 WL 35809005, at *1 (D.N.M. Aug. 10, 1999).

Similar equitable considerations apply to motions to set aside default judgments. In ruling upon requests to re-open default judgments based upon attorney misconduct or abandonment it is well-settled that these decisions are:

6

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

Upon reflection, we conclude that this case involves a sufficiently serious allegation of potentially gross neglect constituting an almost complete abandonment of the client that we should require this unusual and doubtful case to be resolved in favor of the party moving to set aside the default judgment so that the case may be decided on their merits. Therefore, we will conditionally grant this motion.

However, in following this course we are acutely aware of the wholesale discovery failures which previously inspired the government to seek entry of a default judgment in this case. (Docs. 41, 42). This dereliction of discovery duties by the defendant or his former counsel is inexcusable and has prejudicially delayed the

resolution of this case. Therefore, the *pro se* motion to reopen is granted conditionally, and the defendant is ordered to fully respond to all discovery within 90 days. The defendant is also advised that the failure to fully comply with longstanding and outstanding discovery, to litigate this case, or to abide by this Court's orders may result in sanctions including the re-imposition of a default judgment against the defendant.

    An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: June 6, 2024