IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CIVIL NO. 1:19-CV-564 |
| Plaintiff, : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| JOSEPH FORREST, : | |
| Defendant. : | |

# MEMORANDUM AND ORDER

## I.   Factual Background

This case comes before us for consideration of *pro se* motions filed by the defendant, Joseph Forrest, for a protective order, (Doc. 92), and to dismiss this case. (Doc. 93). The pertinent facts in this case can be simply stated: On April 1, 2019, the United States commenced this lawsuit against Mr. Forrest, an elderly farmer,[1] seeking to recover the value of crops allegedly sold by Forrest which had been the subject of a Department of Agriculture lien. According to the complaint, Forrest disposed of these crops without compensating the government for the value of this collateral which secured its loans. (Doc. 1). Forrest was served with this complaint and was initially represented by counsel in this case. Following protracted proceedings marked by a series of alleged discovery defaults by Forrest, on March

---

[1] It appears that Forrest is currently approximately 88 years old.

1

17, 2021, the United States moved for entry of a default judgment. (Doc. 41). A hearing was held on this motion on December 9, 2021. At the time of this hearing, Forrest's counsel allegedly informed the court that his client was aware of the scheduled hearing and offered no opposition to the default motion. (Doc. 45). Accordingly, on February 16, 2022, default judgment was entered in favor of the government in the amount of $35,126.65, plus post-judgment interest. (Doc. 52).

Ordinarily, counsel's concession of his client's default would provide ample justification for the entry of default judgment. However, this is not an ordinary case. Following the entry of this default, the government then engaged in efforts through Forrest's counsel until December of 2022 to execute upon this judgment. What then ensued is described by the government in the following terms:

> Sometime between December 21, 2022 and January 26, 2023, the plaintiff learned that Attorney Turner had been suspended from the practice of law by the Pennsylvania Bar Association since April 14, 2022.
>
> On or about January 26, 2023, the plaintiff received a letter from the defendant dated January 23, 2023. See Ex. G. On January 26, 2023, the undersigned AUSA spoke with the defendant regarding his letter. The defendant stated he thought his attorney was still litigating the case. The undersigned reminded the defendant that a default judgment had been entered against him in February of 2022, and that the government intended to collect on the judgment.
>
> On January 30, 2023, the plaintiff emailed another financial affidavit to the defendant for him to complete. See Ex. H. Having received no response, on February 16, 2023, the plaintiff mailed by certified mail another financial affidavit for the defendant to complete. See Ex. I. On

2

March 7, 2023, the defendant, acting pro se, filed a Motion to Strike Default Judgment (Doc. 60), Brief in Support (Doc. 61) and Exhibits (Doc. 62).

(Id. at 7-8).

The fact that Forrest's former counsel purported to represent him in connection with this matter at a time when he had been suspended from the practice of law was a decidedly unusual, extraordinary, and potentially troubling event. Moreover, the nature of counsel's disciplinary suspension heightened our concerns, since Pennsylvania Bar disciplinary records revealed that counsel had been suspended from the practice of law following a finding that he had neglected client cases and failed to inform clients of material developments in their cases. These allegations, which paralleled the claims made by Forrest in his motion to reopen this default judgment, were particularly troubling since the state bar disciplinary proceedings noted that counsel had previously been informally admonished for similar misconduct but to no avail.[2] On these facts, we conditionally granted this motion to reopen the default judgment in this case and set a case management schedule in this case. (Doc. 85). We also informed Mr. Forrest that: "The defendant is also advised that the failure to fully comply with longstanding and outstanding discovery, to litigate this case, or to abide by this Court's orders may result in

---

[2] See Office of Disciplinary Counsel v. Turner, No 144 DB 2021.

sanctions including the re-imposition of a default judgment against the defendant." (Id.)

It is against this backdrop that Mr. Forrest moves for a protective order seeking to relieve him of certain discovery obligations, including the obligation to submit to a deposition. (Doc. 92). Mr. Forrest also requests that we dismiss this complaint. (Doc. 93). The Government has responded to the motion for protective order by arguing that its discovery demands were appropriate, and Mr. Forrest's response, including his failure to sit for a deposition, were improper. (Doc. 94). Therefore, these motions are ripe for resolution.

For the reasons set forth below, these motions will be denied.

## II. Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of what type of discovery may be compelled is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be

4

discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding motions to compel are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic

> Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than *de novo* standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Therefore, valid claims of relevance, privilege, and proportionality cabin and restrict the court's discretion in ruling on discovery issues. A party seeking discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Judged against these legal benchmarks we find that the Government's

discovery requests seek information that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Therefore, Mr. Forrest's motion for protective order (Doc. 92) is denied. We note that the Government's response to this motion cites Mr. Forrest for alleged failures to provide discovery, including an alleged refusal to sit for a deposition. Because the Government has not filed a motion to compel this discovery, we will not address the merits of these allegations at this time beyond reminding Mr. Forrest that we previously put him on notice that: "the failure to fully comply with longstanding and outstanding discovery, to litigate this case, or to abide by this Court's orders may result in sanctions including the re-imposition of a default judgment against the defendant."

Finally, we note that Mr. Forrest has also requested that we dismiss this complaint in its entirety. (Doc. 93). This request is denied as premature. Once discovery is closed in this case, the parties may file any potentially dispositive motions. We will, however, make a minor modification in the case management order to accommodate the parties in the completion of discvery and filing any dispositive motions.

An appropriate order follows.

                              <u>*S/ Martin C. Carlson*</u>
                              Martin C. Carlson
                              United States Magistrate Judge

DATED: September 16, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL NO. 1:19-CV-564 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOSEPH FORREST,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

Accordingly, for the foregoing reasons, IT IS ORDERED that the Defendant's *pro se* motions for protective order (Doc. 92) and vacate/dismiss (Doc. 93) are DENIED and IT IS FURTHER ORDERED that:

1. The parties are ORDERED to fully respond to all outstanding and longstanding discovery, submit to any noticed depositions, and fully cooperate in all aspects of merits litigation on or before **October 1, 2024**.

2. Upon completion of discovery, dispositive motions and accompanying briefs shall be filed on or before **October 21, 2024**.

3. The defendant is also advised that the failure to fully comply with longstanding and outstanding discovery, to litigate this case, or to abide by this Court's orders may result in sanctions including the re-imposition of a default judgment against the defendant.

9

4. The clerk is ORDERED to serve a copy of this order upon the Defendant, who is proceeding *pro se*.

So ordered this 16th day of September 2024.

                                                *S/ Martin C. Carlson*
                                                Martin C. Carlson
                                                United States Magistrate Judge