## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL NO. 1:19-CV-564 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JOSEPH FORREST, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

## I.    Factual Background

This case comes before us for consideration of a *pro se* motion filed by the defendant, Joseph Forrest. (Doc. 103). This motion, which is styled as a motion to supplement, seems to attempt to assert some sort of restitution counterclaim against the plaintiff.  The pertinent facts in this case can be simply stated: On April 1, 2019, the United States commenced this lawsuit against Mr. Forrest, an elderly farmer,[1] seeking to recover the value of crops allegedly sold by Forrest which had been the subject of a Department of Agriculture lien. According to the complaint, Forrest disposed of these crops without compensating the government for the value of this collateral which

---

[1] It appears that Forrest is currently approximately 88 years old.

secured its loans. (Doc. 1). Forrest was served with this complaint and was initially represented by counsel in this case. Following protracted proceedings marked by a series of alleged discovery defaults by Forrest, on March 17, 2021, the United States moved for entry of a default judgment. (Doc. 41). A hearing was held on this motion on December 9, 2021. At the time of this hearing, Forrest's counsel allegedly informed the court that his client was aware of the scheduled hearing and offered no opposition to the default motion. (Doc. 45). Accordingly, on February 16, 2022, default judgment was entered in favor of the government in the amount of $35,126.65, plus post-judgment interest. (Doc. 52).

We later conditionally granted Forrest's *pro se* motion to reopen the default judgment in this case after Forrest made a colorable claim of abandonment by his former counsel and set a case management schedule in this case. (Doc. 85). Consistent with that schedule the plaintiff moved for summary judgment in October of 2024. (Doc. 104). This motion is ripe for resolution and will be separately addressed by the Court.

It is against this backdrop that Forrest filed this motion to supplement on October 17, 2024, more than five years after this case commenced. (Doc. 103). This motion seems to seek some form of restitution from the government for alleged property damage which took place at the time of the default on this

2

loan, and new matter which would have been known by Forrest since this case commenced in 2019. Forrest's motion is unaccompanied by any brief which would explain his right to this relief at this late date.

For the reasons set forth below, this motion will be denied.

## II.   <u>Discussion</u>

Forrest's motion fails for two reasons. First, the motion was unaccompanied by any brief explaining the legal basis for this request. Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within fourteen (14) days of the filing of the motion. Since Forrest has not filed a brief in support of this motion, we will deem the motion to be withdrawn. <u>See, e.g., Salkeld v. Tennis</u>, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); <u>Booze v. Wetzel</u>, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) <u>report and recommendation adopted,</u> 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); <u>Breslin v. Dickinson Twp</u>., 1:09‒CV‒1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) <u>Prinkey v. Tennis</u>, No. 09‒52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5).

Second, this motion—which seems to assert a counterclaim more than five years after this lawsuit commenced—is untimely and without merit. On this score:

3

In assessing whether to grant a defendant leave to amend its answer to add a counterclaim, a court should consider whether the counterclaim is compulsory, whether the pleader has acted in good faith and has not unduly delayed filing the counterclaim, whether undue prejudice would result to the plaintiff, or whether the counterclaim raises meritorious claims. See Northwestern National Insurance Company of Milwaukee v. Alberts, 717 F.Supp 148, 153 (S.D.N.Y.1989), Index Fund, Inc. v. Hagopian, 91 F.R.D. 599, 606 (S.D.N.Y.1981).

Perfect Plastics Indus., Inc. v. Cars & Concepts, Inc., 758 F. Supp. 1080, 1082

(W.D. Pa. 1991).

In our view, to the extent that this motion to supplement attempts to belatedly assert some sort of counterclaim after more than five years of litigation, this motion is untimely and prejudicially delays the progress of this litigation. Therefore, in the exercise of our discretion we will DENY this motion.

An appropriate order follows.

S/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

DATED: March 5, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **CIVIL NO. 1:19-CV-564** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **(Magistrate Judge Carlson)** |
| **JOSEPH FORREST,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## <u>ORDER</u>

Accordingly, for the foregoing reasons, IT IS ORDERED that the Defendant's *pro se* motion to supplement (Doc. 103) is DENIED.

So ordered this 5th day of March 2025.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge